## Commonwealth *versus* Leech.

Proceedings commenced under an Act which is repealed before their completion, are not revived by a repeal of the repealing Act, there being no terms in the last Act ratifying, confirming or reviving the proceedings under the original Act and no private interest having vested under the proceedings.

Error to the Court of Common Pleas of *Allegheny county*.

This was a *scire facias* in the name of the Commonwealth for the use of John Irwin and Joseph Tomlinson *v.* Malcolm Leech. A case was stated to the effect as follows :—

On 6th April, 1850, an Act was passed (*Acts of* 1850, p. 388) authorizing the Court of Common Pleas of Allegheny county, on petition for that purpose, to appoint viewers to ascertain the damages likely to accrue to the owners of property, over which it was proposed to extend Hancock street, in the city of Pittsburgh, and (*inter alia*) to assess the amount of said damages on lots in the vicinity of said street benefited by said extension.

A petition was presented to the Court, under the said Act, and viewers appointed, whose report was filed in December, 1850, stating, among other things, that in their opinion the defendant's lot was benefited to the amount of $680. The report was approved by the Court, and judgment entered thereon, pursuant to the provisions of the Act.

The Act provided that if said assessments were not paid within six months after the confirmation of said report, process in the nature of a *sci. fa.* on mortgage, might be issued from said Court to enforce payment. The *scire facias* in this case was issued in favor of the plaintiffs, they being the owners of the property taken by said street, and was served on the defendant.

On the 26th day of February, 1852, an Act was passed, as follows :—

Section 6th. "That the 7th, 8th, 9th, and 10th sections of an Act, &c., and to extend Hancock street, in the city of Pittsburgh, &c., be, and the same is hereby repealed so far as Hancock street is concerned." (*Acts of* 1852, page 16.)

On the 5th of May, 1854, another Act was passed, repealing said section, as follows :—

Sect. 3d. " That the 6th section of an Act entitled an Act, &c., approved the 26th February, 1852, be and the same is hereby repealed." This Act did not in terms revive or ratify the proceedings under the Act of 1850. (*Acts of* 1854, p. 572.)

If the Court were of opinion that the plaintiffs were entitled to recover, judgment to be entered in their favor ; otherwise, for the defendant.

The Court, in their opinion, referred to *Dwarris on Statutes*

[Commonwealth *v.* Leech.]

677, for the position, that when an Act of Parliament is repealed it must be considered, except as to transactions passed and closed, as if it had never existed. Reference was also made to 5 *Barr* 205; 7 *Id.* 172; 9 *Law Lib.* 675; 10 *Watts* 351; 21 *Pick.* 492; 7 *W. & Ser.* 236; 1 *Hill* 324; and to the case of Hampton *v.* The Commonwealth, 7 *Harris* 329, a case relating to this same street.

Judgment was entered for the defendant, which was assigned for error.

*Bigham* and *Leslie*, for plaintiffs in error.—It is an admitted rule of common law, that the repeal of a repealing statute revives the original. "The revival, however, arises, not from an implication of intention, but from a removal of the pressure which kept the original statute down." When an act is revived, it is revived in that form, *and with that effect* which it had at the moment when it expired: 7 *Cranch* 380. The case of Hampton *v.* The Commonwealth, 7 *Harris*, does not necessarily rule this case. In that case the plaintiffs were endeavoring to enforce payment of one of the liens while the original Act was *repealed*. But it was alleged that the repealing Act being repealed, the Court had now the power to order the street to be opened.

*Shaler* and *Stanton*, for defendant in error.—In the case of Hampton *v.* The Commonwealth, 7 *Harris*, it was held that the repeal of the Act of 1850, before the street was opened, put an end to the opening of the street, and rendered *void* all the proceedings under it. By the Act of 1840, referred to in the case of the Philadelphia Hall, 5 *Barr* 210, the proceedings under the original Act were "ratified and confirmed as fully and effectually in all respects as if they had never been repealed.'" Proceedings under an Act of Assembly cannot be completed after the repeal of the Act but according to the provisions of the new Act: Fenclon's Petition, 7 *Barr* 173. Proceedings commenced under the provisions of a statute are arrested by the repeal of the statute: every act done towards their completion after the repeal is void: North Canal Street Road, 10 *Watts* 351.

The opinion of the Court was delivered by

WOODWARD, J.—If it be conceded that the Act of 1854, repealing the repealing Act of 1852, revived the original Act of 1850, it cannot be maintained with any plausibility that the proceedings commenced under the Act of 1850, but put to death by the Act of 1852, were restored to life by the Act of 1854, there being no words in the latter Act indicative of legislative intention to reanimate these proceedings. They were out of the course of the com-

mon law—were special—and depended for their vitality on the provisions of the Act of 1850. The assessment of damages became a lien by virtue of no other law, and when that was repealed did the lien survive? Had any private rights vested under that lien, there might be some difficulty about the question; but the lien was to compensate damages for the extension of Hancock Street, and if no extension, then no damages, and, of course, property owners had no vested interest in a lien created for their indemnity. This was very successfully demonstrated in Hampton v. The Commonwealth, 7 *Harris* 333. There being no vested rights to guard, the principles asserted in 4 *Yeates* 395 and 10 *Watts* 351, are decisive of the question. The proceedings commenced were repealed with the law on which they stood; the attempt to prosecute them subsequently was *effete;* and the repeal of the repealing law left them as it found them, dead and buried.

The judgment is affirmed.