# NATIONAL EXCHANGE BANK OF BALTIMORE *v.* PETERS.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF VIRGINIA.

No. 1369.　Submitted April 4, 1892. — Decided April 18, 1892.

The Judiciary Act of March 3, 1891, 26 Stat. c. 517, pp. 826, 827, having provided that no appeals shall be taken from circuit courts to this court except as provided in that act and having repealed all acts and parts of acts relating to appeals or writs of error inconsistent with the provisions for review by appeals or writs of error contained in that act, and the joint resolution of March 3, 1891, 26 Stat. 1115, having provided that nothing contained in that act shall be held to impair the jurisdiction of this court in respect of any case wherein the writ of error or the appeal shall have been sued out or taken to this court before July 1, 1891, it is *Held*, that an appeal to this court from a judgment entered in a circuit court November 18, 1890, appealable before July 1, 1891, could not be taken after July 1, 1891.

MOTION TO DISMISS.    The case is stated in the opinion.

*Mr. Robert M. Hughes* and *Mr. Alfred P. Thorn* for the motion.

*Mr. William F. Frick, Mr. John Neely* and *Mr. G. M. Dillard* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This was a bill brought against the receiver of an insolvent national bank and its late directors, in the Circuit Court of the United States for the Eastern District of Virginia, to which a demurrer was sustained and the bill dismissed, November 18, 1890. On August 20, 1891, an appeal was allowed to this court, bond for costs given and approved, and citation issued and served. The case comes before us on a motion to dismiss.

Section 4 of the Judiciary Act of March 3, 1891, (26 Stat. c. 517, pp. 826, 827,) provides: "That no appeal, whether by writ of error or otherwise, shall hereafter be taken or allowed from any District Court to the existing Circuit Courts, and no appellate jurisdiction shall hereafter be exercised or allowed by said existing Circuit Courts, but all appeals by writ of error [or] otherwise, from said District Courts shall only be subject to review in the Supreme Court of the United States or in the Circuit Court of Appeals hereby established, as is hereinafter provided, and the review, by appeal, by writ of error, or otherwise, from the existing Circuit Courts shall be had only in the Supreme Court of the United States or in the Circuit Courts of Appeals hereby established according to the provisions of this act regulating the same." By section 14 of that act, section six hundred and ninety-one of the Revised Statutes, and section three of the act of February 16, 1875, c. 77, (18 Stat. 316,) and "all acts and parts of acts relating to appeals or writs of error inconsistent with the provisions for review by appeals or writs of error in the preceding sections five and six of this act," were repealed.

By section 5 it is provided that appeals or writs of error

may be taken from the District Courts or from the existing Circuit Courts direct to the Supreme Court in any case in which the jurisdiction of the court is in issue; from the final sentences and decrees in prize causes; in cases of conviction of a capital or otherwise infamous crime; in any case involving the construction or application of the Constitution of the United States; in any case in which the constitutionality of any law of the United States, or the validity or construction of any treaty made under its authority, is drawn in question; and in any case in which the constitution or law of a State is claimed to be in contravention of the Constitution of the United States. But nothing in the act was to affect the jurisdiction of this court in cases appealed from the highest court of a State, nor the construction of the statute providing for review of such cases.

In view of the general rule that if a law conferring jurisdiction is repealed, without any reservation as to pending cases, all such cases fall with the law, *Railroad Company* v. *Grant*, 98 U. S. 398; *Gurnee* v. *Patrick County*, 137 U. S. 141, a joint resolution was passed on March 3, 1891, providing "that nothing in said act shall be held or construed in anywise to impair the jurisdiction of the Supreme Court or any Circuit Court of the United States in any case now pending before it;" and it was added, "or in respect of any case wherein the writ of error or the appeal shall have been sued out or taken to any of said courts before the first day of July, anno Domini, eighteen hundred and ninety-one." 26 Stat. 1115, 1116.

The case in hand did not come within either of the six classes of cases specified in section five; and as the appeal was not taken until after July 1, 1891, it must be dismissed. *Wauton* v. *DeWolf*, 142 U. S. 138. When the decree was entered, appellants had two years thereafter in which to take an appeal to this court. The act and resolution of March 3, 1891, declared that the right must be exercised prior to July 1, 1891. Although the appellate powers of this court are given by the Constitution, they are nevertheless limited and regulated by acts of Congress. *Durousseau* v. *United States*, 6 Cranch, 307,

314. In that case it was held that the affirmative description of jurisdiction implied a "negative on the exercise of such appellate. power as is not comprehended within it." And here the appellate jurisdiction is not left to inference, but is taken away in terms after the date mentioned.

*Appeal dismissed.*