## LITTLE ROCK AND MEMPHIS RAILROAD COMPANY *v.* EAST TENNESSEE, VIRGINIA AND GEORGIA RAILROAD COMPANY.

**APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF TENNESSEE.**

Argued and submitted November 14, 1895. — Decided December 2, 1895.

No appeal could be taken to this court from a decree in a Circuit Court made on the 1st of October, 1891, in a case like this case.

THE case is stated in the opinion.

*Mr. U. M. Rose* and *Mr. G. B. Rose*, for appellant, submitted on their brief.

*Mr. John F. Dillon*, (with whom was *Mr. Winslow S. Pierce* and *Mr. Rush Taggart* on the brief,) for St. Louis, Iron Mountain and Southern Railway Company, appellee.

M<small>R</small>. C<small>HIEF</small> J<small>USTICE</small> F<small>ULLER</small> delivered the opinion of the court.

This was a bill in equity filed by the Little Rock and Memphis Railroad Company against the East Tennessee, Virginia and Georgia Railroad Company and the St. Louis, Iron Mountain and Southern Railroad Company in the Circuit Court of the United States for the Western District of Tennessee, April 13, 1889, praying for a mandatory injunction against the defendants, requiring them to afford complainant " the same equal facilities as are afforded to any other connecting road, and for such other relief as may be deemed equitable." Defendants filed their joint and several demurrers July 17, 1889, and on the first of October, 1891, the cause having theretofore been submitted to the court, a final decree was entered dismissing the bill of complaint for want of equity, from which decree complainant prayed an appeal to this court, which was allowed and duly perfected.

By the fifth section of the judiciary act of March 3, 1891, c. 517, 26 Stat. 826, appeals or writs of error can be taken directly to this court in six classes of cases there enumerated, and the case before us falls within none of them. Jurisdiction as existing before the passage of the act was preserved by a joint resolution of March 3, 1891, 26 Stat. 1115, as to pending cases and cases wherein the writ of error or appeal should be sued out or taken before July 1, 1891. In this case the decree was not rendered until the first day of October of that year. It follows that the appeal must be dismissed. *National Exchange Bank* v. *Peters*, 144 U. S. 570.

By the sixteenth section of the interstate commerce act, (24 Stat. c. 104, 379 ; 25 Stat. c. 382, 855,) it was provided that where the commission had made any lawful order or requirement, and a party refused to obey or perform it, it should be lawful for the commission, or any person or company interested therein, to apply to the Circuit Court sitting in equity for the enforcement of such order; and it was further provided, in respect of the action of the Circuit Court, that " whenever the subject in dispute shall be of the value of two

thousand dollars or more, either party to such proceeding before said court may appeal to the Supreme Court of the United States, under the same regulations now provided by law in respect of security for such appeal." In *Interstate Commerce Commission* v. *Railroad Company*, 149 U. S. 264, where an appeal was taken directly to this court after July 1, 1891, from an order in a proceeding under that act, we held that it would not lie. Certainly there can be no different result in this case.

*Appeal dismissed.*