## *In re* FELAND'S ESTATE.

No. 1099.    Opinion Filed May 10, 1910.

(110. Pac. 736.)

1.  **STATUTES—Retroactive Operation—Repealing Act—Effect.** The repeal of a statute giving jurisdiction takes away the authority to proceed in pending cases, unless the repealing statute contains a saving clause.

2.  **SAME—Repeal of Repealing Act — Effect.** Proceedings commenced under an act which is repealed before their completion are not revived by a repeal of the repealing act, there being no terms in the last act ratifying, confirming, or reviving the proceedings under the original act, and no private interest having vested under the proceedings.

(Syllabus by the Court.

*Appeal from District Court, Grady County; Frank M. Bailey,
Judge.*

In the Matter of the Estate of C. C. Feland, deceased. From
an order of the district court setting aside a judgment of the
county court against the administratrix and dismissing the pro-
ceeding, Thomas J. O'Neil, guardian *ad litem,* appeals. Affirmed.

*Thomas J. O'Neil, pro se.*

*Bond & Melton,* for the administratrix.—Citing: *In re Poff's
Guardianship,* 7 Ind. T. 59; *Hays v. Barringer,* 7 Ind. T. 697;
1 Suth. Stat. Const. (2d Ed.) § 285; *Lamb v. Schlotter,* 54 Cal.
319; *Ex parte McCardle,* 74 U. S. 506; *Baltimore, P. & R. Ry. Co.
v. Grant,* 98 U. S. 398; *Exchange Bank v. Peters,* 144 U. S. 570,
12 Sup. Ct. 767; *Commonwealth v. Leach,* 24 Pa. 55.

KANE, J.   On the 24th day of May, 1898, Maggie Feland
made application before C. M. Campbell, clerk of the United
States court, at Chickasha, Ind. T., for letters of administration
on the estate of her deceased husband, C. C. Feland, showing that
he had died about the 19th day of May, 1898; that the value of
his personal estate was about $8,500; that he left as his heirs
Hattie Feland, age five years, Lucrettia Feland, four years, and
Columbus S. Feland, age two years, all children of said C. C. Fe-
land and Maggie Feland. The deceased was an intermarried citi-
zen, and as such entitled under the laws of the United States to
the rights and privileges of a member of the Chickasaw tribe of
Indians in the Indian Territory; Mrs. Feland and the three minor
children all being members of said tribe by blood. On the same
day letters of administration were issued by the clerk of the court
to Mrs. Feland, and she filed with such clerk a bond in the sum
of $17,000. Under this appointment Mrs. Feland continued to
act as administratrix, making reports as such to the court, from
time to time, until October, 1901, at which time the court refused
to make any orders or take any further action in said matter, on
the ground that it had no jurisdiction. Matters remained in this

condition until the 23d day of May, 1906, when the administratrix came into the United States court at Chickasha, and filed her final account, wherein she charged herself with an amount reported as balance due the estate as shown by her third annual account, and with sundry collections made for and on account of said estate, and asked credit for various items, aggregating over $8,000. The record does not disclose that any official action was taken on this report. On May 22, 1907, the clerk of said court, by C. G. Moore, deputy, filed what is called a "recommendation," wherein he asked the court to make an order directing the administratrix to pay over the sum of $20,285.79. On the 7th day of June, 1907, the administratrix filed exceptions and objections to the recommendation of the clerk, the first objection being that the court had no jurisdiction. No further action was taken until the 21st day of January, 1908, when Thomas J. O'Neil, as guardian *ad litem,* appeared in the probate court of Grady county, to which court said cause had been transferred after statehood, and filed exceptions to the final report of the administratrix. On the 13th day of February, 1908, after hearing said cause upon the exceptions presented by both the administratrix and the guardian *ad litem,* the county judge, in probate, took jurisdiction in the matter and made certain findings of fact and conclusions of law, and ordered and adjudged and decreed that said administratrix is indebted to the estate of C. C. Feland in the sum of $9,039.75, the payment of which will result in discharging said administratrix and her said bondsmen, all of which was duly ordered. Thereafter additional findings and correction of former findings were made by the county court, and thereafter the administratrix presented her petition and notice for an appeal from the judgment of the county court to the district court, setting out therein alleged errors of both law and fact in the findings and judgment of said court. In the district court the administratrix renewed her motion and exceptions to the jurisdiction of the county court, and on the hearing thereof in said district court on the 11th

day of June, 1909, the exceptions and motions of said administratrix were sustained, and the order and judgment of the county court in said cause were vacated and set aside, and this cause dismissed at the costs of the estate of said decedent, C. C. Feland. To reverse this judgment of the district court this proceeding in error was commenced.

The only question presented by the record, and the only' question passed upon by the district court, is the question of the jurisdiction of the county court of Grady county. It is conceded by counsel for the parties that after the passage of Act Cong. June 28, 1898, c. 517, 30 Stat. 495, ratified by the Chickasaw tribe of Indians August 24, 1898 (3 Fed. St. Ann. p. 453), the United States courts of the Chickasaw Nation, Ind. T., had no jurisdiction over the probate of Indian estates; that this act repealed Act June 7, 1897, c. 3, 30 Stat. 62, in so far as such act attempted to confer such jurisdiction on said courts. *In re Poff's Guardianship,* 7 Ind. T., 59, 103 S. W. 765; *Hayes v. Barringer,* 7 Ind. T. 697, 104 S. W. 937. In the first of these cases it was held that the act of June 28, 1898, known as the "Atoka Agreement," repealed the act of June 7, 1897, in so far as such act gave probate jurisdiction over Indian estates, and vested jurisdiction in the Indian tribal courts. Counsel for the appellant contends that, notwithstanding the withdrawal of jurisdiction from the United States courts in the Chickasaw Nation, "there is no escaping the result that this administration was lawful and regularly lodged in a court of competent jurisdiction, proceeding in such matters according to the course of the common law. If the power of the court to proceed in cases of this character was in fact withdrawn, the only result of such withdrawal was to leave the case of the estate of C. C. Feland pending, subject to removal, at the instance of either party, to the court having jurisdiction." We cannot agree with counsel. The act of June 28, 1898, which deprived the United States courts of the jurisdiction in probate matters conferred by the act of 1897, contained no provision saving pend-

ing cases or proceedings. The rule seems to be that the repeal of a statute giving jurisdiction takes away the authority to proceed in pending cases unless the repealing statute contains a saving clause. 1 Lewis' Sutherland Statutory Construction (2d Ed.) § 285; *Lamb v. Schlotter et al.,* 54 Cal. 319; *Ex parte McCardle,* 74 U. S. 506, 19 L. Ed. 264; *Railroad Company v. Grant,* 98 U. S. 398, 25 L. Ed. 231; *National Exchange Bank of Baltimore v. Peters,* 144 U. S. 570, 12 Sup. Ct. 767, 36 L. Ed. 545. And it cannot be said that the act of Congress of 1904 restored the jurisdiction that was lost by the passage of the Atoka agreement. The act of 1904, without making provision for the transfer of cases pending in the Indian courts, provided that "all laws of Arkansas heretofore put in force in the Indian Territory are hereby continued and extended in their operation so as to embrace all persons and estates in said territory, whether Indians, freedmen, or otherwise, and full and complete jurisdiction is hereby conferred upon the district courts in said territory in the settlements of all estates of decedents, the guardianship of minors and incompetents, whether Indians, freedmen, or otherwise." Act April 28, 1904, c. 1824, § 2, 33 Stat. 573. In the case of *Commonwealth v. Leach,* 24 Pa. 55, it was held that "proceedings commenced under an act which is repealed before their completion, are not revived by a repeal of the repealing act, there being no terms in the last act ratifying, confirming or reviving the proceedings under the original act and no private interest having vested under the proceedings." Entertaining this view of the law of the case, it follows that the judgment of the district court must be affirmed.

All the Justices concur.