### In re MUSGROVE MINING CO.

(District Court, D. Idaho, E. D.   July 11, 1916.)

1. BANKRUPTCY ⬀59—"ACTS OF BANKRUPTCY"—STATUTE.

Bankr. Act July 1, 1898, c. 541, § 3a (2), 30 Stat. 546 (Comp. St. 1913, § 9587), declares that acts of bankruptcy by a person shall consist of his having transferred while insolvent any portion of his property to one or more of his creditors with intent to prefer such creditors over others; while section 3a (3) declares that one who shall, while insolvent, permit any creditor to obtain a preference through legal proceedings, and not having, at least five days before a sale or final disposition of any property affected, vacated or discharged such preference, shall have committed an "act of bankruptcy." *Held* that, where an insolvent confessed judgment with intent to prefer a creditor, the confession of judgment was an act of bankruptcy falling within section 3a (2), while, if the preference was effected without any intent or purpose on the part of the insolvent, the act falls within section 3a (3).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 81, 82; Dec. Dig. ⬀59.

For other definitions, see Words and Phrases, First and Second Series, Act of Bankruptcy.]

2. BANKRUPTCY ⬀81(4)—PETITION—SUFFICIENCY.

A petition in bankruptcy, which merely alleged that defendant confessed judgment with intent to prefer, is sufficient to charge that the confession was intended to secure a preference, without any averment of facts, and so to bring the act within Bankr. Act, § 3a (2).

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 59, 118; Dec. Dig. ⬀81(4).]

In Bankruptcy. In the matter of the bankruptcy of the Musgrove Mining Company, a corporation. On demurrer to the petition. Demurrer overruled.

Ariel C. Cherry, of Salmon, Idaho, for petitioning creditors.

O'Brien & Glennon, of Salmon, for Musgrove Mining Co.

DIETRICH, District Judge. [1] Certain of its creditors have filed a petition in involuntary bankruptcy against the Musgrove Mining

---

⬀For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Company, to which it interposes a demurrer. The acts of bankruptcy alleged are two confessions of judgments by the mining company. No execution has been issued, but under the state statutes the judgments create liens upon all real estate owned by the debtor. Assuming that it was intended to charge acts of bankruptcy under subdivision a (3) of section 3 of the Bankruptcy Act, the mining company's objection is that it is not alleged that it failed to cause the preferences to be vacated or discharged five days before a sale or the final disposition of its property.

The petitioning creditors concede that the petition is insufficient under subdivision a (3), but contend that it does fully charge an act of bankruptcy under subdivision a (2), which provides that an act of bankruptcy by a person shall consist of his having "transferred, while insolvent, any portion of his property to one or more of his creditors with intent to prefer such creditors over his other creditors." It appearing that the preference, if any there be, has been effected through a legal proceeding, the question arises as to what distinction could be made between cases covered by subdivision a (2) and those covered by subdivision a (3). If this case should be held to be embraced within subdivision a (2), would it not lie within the power of creditors to nullify the provision that a preference accomplished by a legal proceeding does not become an act of bankruptcy until notice of sale is given and the debtor fails to discharge the lien within the prescribed time? Upon consideration it is concluded that while a preference effected through judicial proceedings may fall within one class or the other, the two provisions do not necessarily overlap. The distinction is to be found in the presence or absence of an intent on the part of the debtor to give a preference, and by intent is meant an actual, and not merely a constructive, intent. If the debtor has acted in such a way as to give a preference with the intent and purpose so to do, it is quite immaterial by what means such purpose is accomplished, whether by judicial proceedings or in some other manner. In such case the act falls within a (2). Upon the other hand, if, through legal proceedings, a preference has in fact been permitted or procured, but without any intent or purpose on the part of the debtor to give it, then the act falls within the terms of subdivision a (3).

[2] The further objection that the petition is insufficient, in that it is alleged only that the confession of judgment was made with the intent to prefer, without setting forth the facts and circumstances from which such intent may be inferred, is not thought to be well taken. It would be quite impracticable to set out all the facts and circumstances upon which a party may rely to show intent, especially where, as here, it is necessary to show actual rather than constructive intent.

Accordingly the demurrer will be overruled, and the defendant will be given 10 days from this date in which to answer. In view of the great distance the parties live from any point in the district where court is held, I shall be very willing, if counsel so desire, to refer the case to a special master or examiner for the taking of the testimony. Such examiner may be a stenographer, and thus the ordinary

compensation of a stenographer may cover the entire expense of such reference. It is suggested that, if possible, counsel agree upon such person and advise me.