## BROOKS v. ST. LOUIS–SAN FRANCISCO RY. CO.

### No. 14056.

United States Court of Appeals.
Eighth Circuit.

March 3, 1950.

Rehearing Denied March 23, 1950.

Writ of Certiorari Denied May 29, 1950.
See 70 S.Ct. 1002.

Phil W. Davis, Jr., Tulsa, Okl. (C. O. Inman, St. Louis, Mo., on the brief), for appellant.

James L. Homire, New York City (E. G. Nahler, C. H. Skinker, Jr., and W. W. Dalton, St. Louis, Mo., on the brief), for appellee.

Before SANBORN, THOMAS, and JOHNSEN, Circuit Judges.

THOMAS, Circuit Judge.

On December 12, 1946, a consummation order was entered in the reorganization in bankruptcy proceedings of the appellee St. Louis-San Francisco Railway Company under the Railroad Reorganization Act, Bankruptcy Act, § 77, 11 U.S.C.A. § 205. The order provides for the continuing jurisdiction of the district court to determine certain specified claims including the claim involved in this appeal.

The order appealed from denied that appellant's claim in intervention for $4,000 with interest and costs be given priority as an operating expense over pre-existing mortgage liens upon all the property of the debtor. The order was entered upon a motion of appellee for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A.

The appellant is the qualified administratrix of the estate of F. S. Brooks, deceased, a non-employee of the Railway Company. On January 10, 1930, while

driving an automobile at a public railway grade crossing in the city of Tulsa, Oklahoma, Brooks sustained bodily injuries as a result of the alleged negligence of the debtor Railway Company in the operation of one of its trains. Receivers were appointed for the Railway Company in November, 1932. On January 23, 1933, Brooks, with the consent of the receivers, obtained a judgment in the state court for damages for his injuries against the Railway Company in the sum of $4,000 with interest and costs. Thereafter Brooks, pursuant to an order of court, filed his claim based upon the judgment with the receivers of the Railway Company and it was allowed as an unsecured claim. Pursuant to an order of court, the claim was treated as refiled with the Trustees of the Railway Company in this reorganization proceeding, which was commenced May 17, 1933. The receivers or the trustees at some time paid $2.30 on the costs in the state court.

The appellant seeks priority for her claim over two mortgages, first, the Prior Lien Mortgage, dated July 1, 1916; and, second, the Consolidated Mortgage, dated July 1, 1928. Both mortgages covered the properties of the Railway Company including "All tolls, revenues, earnings, income, rents, issues and profits." Both mortgages provided that the Railway Company should be permitted to retain actual possession of all the property and to manage and operate the same and to take and use the earnings and income thereof "Until some default shall have been made."

Appellant's contention is that her claim is prior in equity to the lien of the antecedent mortgages because her claim is for an operating expense in that the injury for which the judgment against the Railway Company was entered resulted from the operation of the railroad; that appellee's operating income created a current debt fund which was applicable in equity to appellant's claim, in priority to appellee's mortgage indebtedness; and that appellee's diversion, prior to its insolvency proceedings, of the current debt fund from payment of the claim of appellant to payment of inferior obligations entitled appellant to

satisfaction from the assets administered in bankruptcy.

Appellant's contention is based fundamentally upon certain remarks of Mr. Chief Justice Waite in Fosdick v. Schall, 1878, 99 U.S. 235, 25 L.Ed. 339. In discussing the rights of unsecured creditors and the mortgagee in a railroad foreclosure proceeding he said, 99 U.S. at page 252, 25 L.Ed. 339 of the report: "Every railroad mortgagee in accepting his security impliedly agrees that the current debts made in the ordinary course of business shall be paid from the current receipts before he has any claim upon the income. If for the convenience of the moment something is taken from what may not improperly be called the current debt fund, and put into that which belongs to the mortgage creditors, it certainly is not inequitable for the court, when asked by the mortgagees to take possession of the future income and hold it for their benefit, to require as a condition of such an order that what is due from the earnings to the current debt shall be paid by the court from the future current receipts before anything derived from that source goes to the mortgagees."

Thereafter in Burnham v. Bowen, 111 U.S. 776, 783, 4 S.Ct. 675, 28 L.Ed. 596, the same Chief Justice said that only those expenses which were for the benefit of the mortgage creditor should have priority. And it is probable that he used the term "current debts made in the ordinary course of business" in the opinion in Fosdick v. Schall, supra, in the same sense, for in that case priority was denied a claim for rental for cars over the lien of an antecedent debt.

In St. Louis Trust Co. v. Riley, 8 Cir., 70 F. 32, 36, 30 L.R.A. 456, this court was called upon to determine whether or not a claim for damages caused by the negligence of a street railway company, a mortgagor, five months before a receiver was appointed in a suit to foreclose a mortgage upon its property and income is entitled to be preferred to the mortgage debt in payment out of earnings of the railroad during the receivership.

The court reviewed the decisions of the Supreme Court made prior to that time (1895), and from those decisions deduced the principle that, "It is an indispensable element of every such claim that it is founded upon property furnished or services rendered to the mortgagor which either preserved or enhanced the value of the security of the mortgage debt, and thereby inured to the benefit of the mortgagee." Applying that principle to the claim involved, the court said, the "* * * claim for damages for the negligence of the mortgagor lacks the indispensable element of a preferential claim. It is not based upon any consideration that inures to the benefit of the mortgage security." Such a claim is distinguishable on this ground from wages of employees, traffic balances, costs of repairs and improvements, and the like. The decision in that case has been followed ever since by this court in every case involving the same question. Veatch v. American Loan & Trust Co., 8 Cir., 79 F. 471, affirmed on rehearing, 8 Cir., 84 F. 274; Illinois Trust & Savings Bank v. Doud, 8 Cir., 105 F. 123, '52 L.R.A. 481; Atlantic Trust Co. v. Dana, 8 Cir., 128 F. 209; Atchison, T. & S. F. Ry. Co. v. Osborn, 8 Cir., 148 F. 606; Pitcairn v. Fisher, 8 Cir., 78 F.2d 649; Carpenter v. Wabash Ry. Co., 8 Cir., 103 F.2d 996, reversed on ground that statute was amended pending appeal to the Supreme Court, 309 U.S. 23, 60 S.Ct. 416, 84 L.Ed. 558.

The decision in the Riley case has been followed in three other circuits and, as said by Judge Learned Hand in Re New York, N. H. & H. R. Co., 2 Cir., 92 F.2d 428, 430, 114 A.L.R. 1151, certiorari denied, 303 U.S. 650, 58 S.Ct. 746, 82 L.Ed. 1110, "was unquestionably the law when section 77 was passed." Farmers' Loan & Trust Co. v. Northern Pac. R. Co., 9 Cir., 79 F. 227; Hampton v. Norfolk & W. Ry. Co., 4 Cir., 127 F. 662; Pennsylvania Steel Co. v. New York City Ry. Co., 2 Cir., 216 F. 458; In re New York, N. H. & H. R. Co., supra.

The only case called to our attention which holds squarely that claims for injuries to persons and damages to property arising out of the operation of a railway prior to the appointment of a receiver in the foreclosure of an antecedent mortgage have priority as operating expenses is that of McCullough v. Union Traction Co., 206 Ind. 585, 186 N.E. 300. The case of Farmers' Loan & Trust Co. v. Northern Pac. R. Co., C.C.Wash., 71 F. 245, relied upon by appellant, is not in point. In that case, pending an appeal by the Railroad Company from a judgment against it, the road went into the hands of receivers appointed in a mortgage foreclosure suit. The judgment having been affirmed, the sureties on the appeal bond filed a petition asking that they be protected by payment of the judgment. The court held that by their execution of the bond petitioners protected the funds of the railroad from garnishment and their liability not having been fixed for a definite amount until the conditions of the bond were broken after the appointment of the receiver, their claim was a current operating expense accruing during the receivership and hence should be paid out of current earnings. This situation has since been provided for by the amendment of 1935 to § 77, sub. n.

Prior to the enactment of subsection n of § 77 of the Bankruptcy Act claims for damages for injuries to railroad employees arising prior to a receivership or the bankruptcy of a railroad company were in the same category as to priority over an antecedent mortgage lien as were the claims of non-employees of a railroad company, and they were subject to the rule in St. Louis Trust Co. v. Riley, supra. By subsection n claims of employees were excepted from the general rule and the courts were authorized and required to grant such claims priority over the mortgage lien in those cases. Since § 77, sub. n creates an exception to the general rule prevailing at the time of its enactment, the rule *expressio unius est exclusio alterius* is applicable to its construction; and since the statute is jurisdictional in its application to claims for priority in receiverships, the rule is that the affirmative description of jurisdiction implies a negative of the exercise of similar powers not comprehended within the statute. National Exchange

188

Bank of Baltimore v. Peters, 144 U.S. 570, 12 S.Ct. 767, 36 L.Ed. 545; Durousseau v. United States, 6 Cranch 307, 313, 10 U.S. 307, 3 L.Ed. 232.

On the assumption that appellant's claim at the date of its origin in 1930 was for an operating expense payable out of a "current debt fund" and that that fund was diverted to the payment of "inferior obligations", appellant contends that her claim is entitled to satisfaction from the assets in bankruptcy. Since we hold that her claim never was entitled to priority as an operating expense because the negligence resulting in the injury to her decedent not only did not inure to the benefit of the then existing mortgagees but was a detriment to them, there could be no diversion by the receivers or the trustees of any fund in which she had a prior right. Other contentions of the appellant are without merit for the same reason.

The order of the court appealed from is in accordance with the law; and, therefore, must be and it is affirmed.